CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES BRADLEY BOWERS,  )<br>     Plaintiff,   )<br>   )<br>v.   )<br>   )<br>SUPERINTENDENT KIMBERLY D.  )<br>HAUG, et al.,   )<br>     Defendants.   ) | Case No. 7:23-cv-00341<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

**MEMORANDUM OPINION**

James Bradley Bowers, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against three individuals employed at the New River Valley Regional Jail (NRVRJ): Superintendent Kimberly D. Haug, Major Daniel O'Dell, and Lisa Ferguson. Bowers seeks to recover damages for injuries he allegedly sustained from falling in the shower while attempting to transfer from a wheelchair to a plastic chair. The defendants have moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 21. For the reasons set forth below, the motion to dismiss is **GRANTED**, and the amended complaint is **DISMISSED** without prejudice.

**I. Background**

Bowers was incarcerated at the NRVRJ in Dublin, Virginia, before being transferred to the custody of the Virginia Department of Corrections. See Am. Compl. 1, ECF No. 11; Notice of Change of Address, ECF No. 25. The incident giving rise to this action occurred at the jail on May 10, 2023. Am. Compl. 4. Court records available online indicate that Bowers had been convicted of a probation violation and sentenced to a term of incarceration at the time of the incident. See Commonwealth v. Bowers, No. CR01000424-05 (Carroll Cnty. Cir.

Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last visited July 25, 2024).

According to the amended complaint, Bowers was housed in the F-100 pod at the NRVRJ, which he describes as the "pod for handicapped people."[1] Am. Compl. 4 (misspelling corrected). Bowers alleges that there was no "stabilized seat" in the pod's shower and that he fell on May 10, 2023, while "trying to transfer to a plastic chair from [his] wheelchair." Id. He alleges that the plastic chair slid, causing him to fall and injure his left wrist, shoulder, neck and back. Id.

Following the incident, Bowers filed a formal grievance. Id. Major O'Dell responded to the grievance on May 23, 2023. Id. at 4–5. In his response, O'Dell indicated that a stationary shower chair had been ordered for the housing unit on November 28, 2022, and then reordered on February 7, 2023, after the vendor cancelled the first order. Id.; see also NRVRJ Formal Grievance Complaint Form-Step1, Pl.'s Response Ex., ECF No. 35-1 at 1.[2] He also noted that the chair shipped by the vendor had to be returned because the weight capacity was inaccurate. Pl.'s Response Ex. 1. On the same day that O'Dell responded to the grievance, the NRVRJ placed another order for a shower seat. Am. Compl. 5. O'Dell informed Bowers that a "new stationary chair [was] on order" and that arrangements could be made for Bowers to

---

[1] Although the amended complaint describes Bowers as being a handicapped inmate, it does not identify any particular impairment or combination of impairments, or otherwise explain why he required a wheelchair during his period of confinement.

[2] Bowers attached the grievance response form as an exhibit to his response to the defendants' motion to dismiss. Because the amended complaint refers to and quotes from the grievance response, the court may consider the document in ruling on the defendants' motion. See Kashdan v. George Mason Univ., 70 F.4th 694, 700 (4th Cir. 2023) ("In addition to the complaint, we may consider documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (internal quotation marks omitted).

use the "shower in medical" that contained a stationary chair. Pl.'s Response Ex. 1. Bowers replied that he was not satisfied with O'Dell's response and that he wished to appeal it. See id. ("This does not take the place of me falling because of the stationary chair not being there.").

Bowers then commenced this action by filing a form complaint under 42 U.S.C.§ 1983, followed by an amended complaint. Bowers seeks to hold Major O'Dell liable on the basis that he is "in charge of the pods in the jail and over ordering [a seat for the shower]." Am. Compl. 4. He seeks to hold Superintendent Haug liable on the grounds that she is "in charge of every aspect of the jail" and "should have made sure that everything was handicapped accessible." Id. (misspellings corrected). He seeks to hold Lisa Ferguson liable on the grounds that she is "in charge of the medical department" and "should know that the handicapped pod should be fully handicapped accessible before referring handicapped inmates to go into this pod." Id. at 5. Bowers seeks to recover $10,000 in compensatory damages. See Minute Order, ECF No. 30 (granting motion to correct the request for relief in the amended complaint).

The defendants have moved to dismiss the amended complaint pursuant to Rule 12(b)(6). ECF No. 21. The motion has been fully briefed by the parties, ECF Nos. 35 and 36, and is ripe for decision.

## II. Standard of Review

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The

plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

Pleadings filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

### A. Claims under Section 1983

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court, like the defendants, construes the amended complaint to allege that Bowers was subjected to unsafe conditions of confinement in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment protects convicted inmates from cruel and unusual punishment and imposes an affirmative obligation on correctional officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement

claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019) (internal quotation marks omitted). To satisfy the objective component, an inmate must "demonstrate that the deprivation alleged [was] objectively, sufficiently serious." Id. (internal quotation marks omitted). Specifically, an inmate must allege "a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from [his] unwilling exposure to the challenged conditions." Jones v. Solomon, 90 F.4th 198, 209 (4th Cir. 2024) (internal quotation marks omitted). To satisfy the subjective component, "a plaintiff challenging his conditions of confinement must demonstrate that [correctional] officials acted with deliberate indifference." Porter, 923 F.3d at 361 (internal quotation marks omitted).

Deliberate indifference is an "exacting standard" that is not met by a showing of "mere negligence or even civil recklessness." Jackson, 775 F.3d at 178. The Supreme Court has explained that an official acts with deliberate indifference only when he "knows of and disregards an excessive risk to [an inmate's] health or safety." Farmer, 511 U.S. at 837. Specifically, the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." Id. "And, in addition to subjectively recognizing that substantial risk, the [correctional] official must subjectively be aware that [the official's] actions were inappropriate in light of that risk." Cox v. Quinn, 828 F.3d 227, 236 (4th Cir. 2016); see also Moss v. Harwood, 19 F.4th 614, 624 (4th Cir. 2021) ("[U]nder the subjective prong, [the plaintiff] can prevail only if the defendants subjectively recognized that there was such a risk [of serious harm] and that their actions were inappropriate in light of that risk.").

Applying these principles, the court concludes that the amended complaint fails to state a plausible Eighth Amendment claim against any of the defendants. Even assuming that Bowers's alleged injuries satisfy the objective component, the amended complaint does not set forth sufficient facts from which the court can reasonably infer that any of the defendants knew that Bowers faced a substantial risk of serious harm and consciously disregarded that risk. Although Bowers alleges that his pod housed handicapped inmates and that the pod's shower contained a plastic chair at the time of the incident, rather than a mounted or stationary shower seat, he does not allege that he or any other inmate had previously fallen in the shower or had difficulty using the plastic chair provided, much less that any of the defendants had been made aware of such a problem. Likewise, he does not allege that he requested a different chair or other accommodations prior to the incident, and he acknowledges that a stationary shower seat was ordered on the same day that he filed a formal grievance.

The court cannot reasonably infer from the facts alleged that any of the defendants acted with the state of mind required to satisfy the subjective component of an Eighth Amendment conditions of confinement claim. At most, the allegations could support a claim of negligence, which is not actionable under the Eighth Amendment. See Hixson v. Moran, 1 F.4th 297, 303 (4th Cir. 2021) ("[M]ere negligence is not enough to show deliberate indifference."); see also Strominger v. Brock, 592 F. App'x 508, 511 (7th Cir. 2014) (affirming the district court's decision that "even if a plastic chair did not meet [the inmate's] needs and the prison should have installed a wall-mounted shower chair[] sooner, any delay was at most negligent," which is "insufficient to show deliberate indifference"). Accordingly, the court

concludes that the amended complaint, as currently pled, fails to state a cognizable claim for relief under § 1983 against any of the defendants.[3]

### B. Claim under the Americans with Disabilities Act

Although the amended complaint does not mention the Americans with Disabilities Act (ADA), Bowers alleges that he is a handicapped inmate, that he was using a wheelchair while incarcerated at the NRVRJ, and that he did not have access to an appropriate shower chair in his housing unit. Thus, the court—like the defendants—liberally construes the amended complaint as asserting a claim for compensatory damages under the ADA.[4]

"Title II of the ADA provides that no qualified individual shall, 'by reason of [a] disability,' be denied the benefits of public 'services, programs, or activities' or be subject to discrimination by a public entity." Fauconier v. Clarke, 966 F.3d 265, 276 (4th Cir. 2020) (alteration in original) (quoting 42 U.S.C. § 12132). "To make out a basic ADA violation, [a plaintiff] must show that he: (1) has a disability; (2) was otherwise qualified to get some public program, service, or activity; and (3) was denied that program, service, or activity on the basis of his disability." Koon v. North Carolina, 50 F.4th 398, 405 (4th Cir. 2022). The third prong may be satisfied by "a failure to make reasonable accommodations." Id. (internal quotation marks omitted). More specifically, "disability discrimination includes the failure to provide

---

[3] To the extent that Bowers seeks to hold Haug or Ferguson liable in their supervisory capacities for the actions or inactions of others, there can be no supervisory liability without an underlying constitutional violation. See Doe v. Rosa, 664 F. App'x 301, 304 (4th Cir. 2016) (citing Temkin v. Frederick Cnty. Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991)).

[4] The amended complaint does not include a request for injunctive relief. Even if Bowers had made such request, it would be moot as a result of his transfer to the custody of the Virginia Department of Corrections. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison [or jail] moots his claims for injunctive relief with respect to his incarceration there.").

7

reasonable modifications that would make accommodations accessible to the disabled without causing an undue burden to the program." Id. at 406. "In the words of the Supreme Court, [courts] ask whether a disabled inmate was denied 'meaningful access' to the benefit." Id. (quoting Alexander v. Choate, 469 U.S. 287, 301 (1985)).

"[T]he proper defendant under a Title II claim is the public entity or an official acting in his official capacity." Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 2009). "Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity." Id. (collecting cases); see also Barnes v. Young, 565 F. App'x 272, 273 (4th Cir. 2014) (same). Additionally, under the ADA, plaintiffs can only recover compensatory damages for intentional discrimination. Koon, 50 F.4th at 400. Although the showing that requires is an "open question" in the Fourth Circuit, "it at least requires deliberate indifference to the prisoner's federally protected rights." Id.

Against this backdrop, the court concludes that the amended complaint fails to state a plausible claim for compensatory damages under the ADA. Even assuming that Bowers intended to sue the defendants in their official capacities and that he could state a plausible claim for violation of the ADA, he has not alleged facts sufficient to establish that any of the defendants acted with deliberate indifference to his statutory rights. In particular, the amended complaint does not set forth enough facts from which the court can reasonably infer that any of the defendants actually knew that Bowers's rights were likely being violated and nonetheless failed to help him. See id. at 407 ("An official must know of the dangers to federal rights and nonetheless disregard them."); id. at 409 ("Deliberate indifference requires that Browning knew that Koon likely could not meaningfully access the library as was his right and

8

nonetheless failed to give him a pass.") (emphasis in original). As noted above, Bowers does not allege that he had previously requested different shower accommodations or that any of the named defendants had been made aware of any shower-related problems before he fell on May 10, 2023. While the amended complaint contains allegations as to what the defendants "should" have known or done prior to that date, "all those 'shoulds' are the language of negligence"; they do not rise to the level of deliberate indifference. Id. at 409–410; see also id. at 406 ("Simple failure to comply with the law is not deliberate indifference. It is not enough simply to point to what could or should have been done. That is the language of negligence. Deliberate indifference requires a deliberate or conscious choice to ignore something. That is more like criminal-law recklessness than mere negligence."); see also Moore v. W. Ill. Corr. Ctr., 89 F.4th 582, 595 (7th Cir. 2023) ("To recover damages in a Title II action, a plaintiff must identify intentional conduct (and not mere negligence) by a named defendant."). Consequently, the court concludes that the amended complaint fails to state a claim for compensatory damages under the ADA against any of the defendants.

## IV.   Conclusion

For the reasons stated, the defendants' motion to dismiss is **GRANTED**. Because it may be possible for Bowers to allege additional facts to cure the pleading deficiencies identified above, the court will dismiss the amended complaint without prejudice and permit Bowers to file a second amended complaint within 30 days.

An appropriate order will be entered.

Entered: August 9, 2024

Mike Urbanski
Senior U.S. District Judge
2024.08.09 11:40:49
-04'00'

Michael F. Urbanski
Senior United States District Judge

10